**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**STATESBORO DIVISION**

| | | |
|---|---|---|
| RYAN COLBY THOMAS,<br><br>Plaintiff,<br><br>v.<br><br>BULLOCH COUNTY JAIL, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CV626-020 |

## ORDER

The Court previously screened *pro se* prisoner Ryan Colby Thomas's Complaint, explained that it failed to state any claim upon which relief could be granted, and directed him to amend it. *See* doc. 21. He has filed his Amended Complaint. Doc. 26. The Court, therefore, proceeds to screen his Amended Complaint. *See* 28 U.S.C. § 1915A. Since it fails to state any claim upon which relief may be granted, it is **DISMISSED**. Doc. 26.

Because the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to

the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

As the Court's prior Order explained, Bulloch County Jail is not a proper defendant. Doc. 21 at 2. It is well-established that, under Georgia law, jails are not entities subject to suit. *See, e.g., Meyers v. Chatham Cnty. Det. Ctr.*, 2022 WL 1215640, at *1 (S.D. Ga. Apr. 25, 2022) ("[T]he Chatham County Detention Center is not an entity subject to suit."). Despite that explanation, Thomas's Amended Complaint simply reasserts claims against Bulloch County Jail. *See* doc. 26 at 2, 4. The Court also explained that his assertion of claims against Well Path Medical Group, Inc. were insufficient. Doc. 21 at 2-3. As before, he cannot assert claims against Well Path solely as the employer of individual medical staff, who allegedly failed to provide proper treatment. *See, e.g., Averhart v. Warden*, 590 F. App'x 873, 874 (11th Cir. 2014) (citing *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010)) ("Section 1983 claims may not

be brought against supervisory officials solely on the basis of vicarious liability or *respondeat superior*.”).

The Court’s prior Order also explained why the substantive allegations in Thomas’s Complaint were insufficient to state any claim, even supposing some proper defendant could be identified. *See* doc. 21 at 3-8. Thomas’s Amended Complaint does not meaningfully supplement his factual allegations; it simply incorporates the original allegations by reference. *See* doc. 26 at 4 (“Sexual assault see [i]nitial suit package for [d]etails.”). The initial allegations remain insufficient to state any claim for the reasons explained in the prior Order. The Amended Complaint does allege that security cameras “did not properly work” on the date of the alleged assault, *id.*, but the addition of that allegation does not alter the insufficiency of his failure-to-protect claim. *See, e.g., Brown v. Emmons*, 2023 WL 12088014, at *3 (N.D. Ga. Dec. 5, 2023) (“unadorned conclusory allegations” of dangerous condition, including “failing to staff the control booth in [plaintiff’s] dormitory,” where “the only specific incident referenced in the complaint is plaintiff’s own[,] . . . are insufficient

to state a claim." (citations omitted)). The Amended Complaint, therefore, fails to allege sufficient facts to support any claim.

Since Thomas's Amended Complaint fails to state any claim upon which relief can be granted, it is **DISMISSED**. Doc. 26; *see, e.g.,* 28 U.S.C. § 1915A(b)(1). The Clerk is **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 15th day of September, 2026.

Christopher L. Ray

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA